687 P.2d 599

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard W. GOLDMAN,**
**Defendant-Appellant.**

**No. 14342.**

Court of Appeals of Idaho.

Aug. 31, 1984.

Stephen S. Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Stephen J. Gledhill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Richard T. Goldman pled guilty to kidnapping a woman with intent to rape her. He was sentenced to the custody of the Board of Correction for an indeterminate period up to thirty years. The district judge pronounced sentence immediately upon acceptance of the plea, without ordering a presentence investigation and without asking Goldman or defense counsel whether they wished to speak or to present information in mitigation of punishment. For reasons explained below, we hold that the sentence was imposed by improper procedure. Accordingly, we vacate the sentence and remand the case for resentencing. The underlying conviction is not disturbed.

This appeal turns upon Rules 32 and 33 of the Idaho Criminal Rules. Rule 32(a) provides that presentence investigation reports need not be ordered in every criminal case but that "[w]ith respect to felony convictions, if the trial court does not require a presentence investigation and report, the record must show affirmatively why such an investigation was not ordered." Rule 33(a)(1) further provides as follows:

> After a plea or verdict of guilty, if the judgment be not arrested nor a new trial granted, the court must appoint a time for pronouncing judgment and sentence, which, in cases of felony, must, unless waived by the defendant, be at least two (2) days after the verdict. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally to ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment. Pending sentence the court may commit the defendant or continue or alter the bail.

The application of Rule 33 to this case is narrowed by Goldman's failure to raise any issue on appeal concerning the district judge's pronouncement of sentence before two days had elapsed following the plea. The two-day requirement of Rule 33 is not jurisdictional. *See, e.g., State v. Rubens,* 11 Cal.App.2d 576, 54 P.2d 98 (1938) (construing statute similar to our rule). Consequently, we need not tarry over the questions of whether this requirement was applicable to the instant case or, if so, whether it was waived.

However, Goldman does argue that the district judge pronounced sentence "without a thorough review of the individual or the circumstances surrounding the crime." Goldman specifically refers to the lack of a presentence report under Rule 32. By clear implication, Goldman's argument also embraces the court's failure to ask Goldman or his counsel whether they wished to be heard before sentence was pronounced, as provided in Rule 33.

We turn first to Rule 32. As noted above, this rule would afford us no basis to set aside a sentence if the trial judge had dispensed with the report in the sound exercise of judicial discretion and the record affirmatively showed why he did so. In this case, however, the judge's reason is

obscure and must be inferred from the circumstances surrounding the plea.

Goldman pled guilty as the result of a plea bargain. The bargain, as recited by defense counsel at the hearing below, provided for the prosecutor to dismiss charges of attempted rape and aggravated assault related to the kidnapping incident. The bargain also embodied an agreement that "any sentence ... would be concurrent" with a thirty-year indeterminate sentence imposed four months earlier by another judge in a different sex offense case. Under this agreement, counsel noted, Goldman "would not be subjecting himself to any further time than that already imposed." The judge announced that he would "comply with the agreement," although he would not otherwise have been required to do so. *See, e.g., State v. Rossi,* 105 Idaho 681, 672 P.2d 249 (Ct.App.1983).

Upon accepting Goldman's plea, the judge proceeded at once to pronounce sentence, saying nothing about a presentence investigation in this case and declining to obtain an update of the report presumably prepared several months earlier in the other case. The judge's remarks were as follows:

> THE COURT: Mr. Goldman, the Court will accept the plea of guilty, and it will not be necessary in this particular case for the Court to either [sic] consider a presentence update. The bargain that has been entered into appears reasonable, so, Mr. Goldman, it will be the duty of the Court at this time to pronounce sentencing. I hereby sentence you to thirty years....

■ We do not find in this record an affirmative showing of a valid reason to dispense with a presentence investigation report or with an update of the earlier report. It might be argued that the plea bargain made a thirty-year sentence a foregone conclusion. However, the parties had not agreed to a thirty-year sentence in this case. Rather, they had agreed that the sentence would be no greater than the thirty-year sentence imposed in the other case. The judge correctly acknowledged the pos-

sibility of a lesser sentence by asking Goldman, before accepting the plea, "Has anyone—would you have some understanding that if you plead guilty to this one charge, that you'd automatically get probation or anything like that? There has been nothing like that?" The judge plainly knew that the sentence in this case had not been predetermined. It remained for him to determine an appropriate sentence within the limits of the plea bargain by which he had agreed to be bound.

The record contains no showing that the judge adopted the presentence report from the earlier sex offense case. Indeed, the judge did not state of record that he had examined the report, nor did he refer to any of its contents. The report was not introduced as an exhibit and does not appear in the record on this appeal. The judge's comment that the plea bargain was "reasonable" does not, in our view, suffice to explain why no presentence report or update was ordered.

■ Although Goldman did not object at the hearing to the lack of a report, the absence of objection does not excuse this type of noncompliance with Rule 32. As we noted in *State v. Toohill,* 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App.1982), "[t]he rule is there to be followed." While we will not entertain, for the first time on appeal, a contention that a presentence report was inaccurate or incomplete, we are not similarly restricted in reviewing the district court's failure to order a report. *Id.* We hold that such failure in this case constituted a violation of Rule 32.

■ Turning to Rule 33, we note that the judge engaged in extensive dialogue with Goldman and his counsel before accepting the guilty plea, but undertook no dialogue with them before pronouncing sentence. A defendant's right to be heard before sentencing, known at common law as the right of allocution, has a time-honored place in the jurisprudence of most American states. *See* Annot., 96 A.L.R.2d 1292 (1964). Rule 33 safeguards this right in Idaho by providing that the judge "shall afford counsel an

opportunity to speak on behalf of the defendant and shall address the defendant personally to ask him if he wishes to make a statement on his own behalf...."

■ In this case, due to the district court's rapid jump from accepting the plea to pronouncing the sentence, neither Goldman nor his attorney was afforded a timely opportunity to speak on the sentencing issue. Counsel later addressed the court and succeeded in obtaining a recommendation from the judge that Goldman be placed in the "Medical Unit" by the Board of Correction. However, even if we assume—solely for the sake of discussion—that such communication after sentencing might cure the prior denial of counsel's right to speak, it could not cure the denial of a defendant's right to make his own statement. In *State v. Goodrich*, 97 Idaho 472, 480, 546 P.2d 1180, 1188 (1976), our Supreme Court declared that "[a]ffording only the defendant's counsel the right to speak on the accused's behalf does not constitute compliance with [the] rule." Neither does a defendant's failure to speak constitute a waiver where, as here, he has not been personally apprised of his right to make a statement. *See, e.g., Mohn v. State*, 584 P.2d 40 (Alaska 1978). In *State v. Goodrich, supra,* our Supreme Court held that "the proper corrective action" on appeal, when a right of allocution has been denied, "is to remand to permit resentencing after appellant is granted the right to speak." 97 Idaho at 479, 546 P.2d at 1187.

We conclude that Goldman's sentence must be vacated and the case remanded for resentencing in compliance with Rules 32 and 33. The district court has authority to provide—and the sentence imposed in the other case assures—that Goldman will remain in custody during the resentencing process. Because we dispose of this appeal on procedural grounds, we need not, and do not, decide whether the length of the sentence represented an abuse of the judge's discretion. Such a determination, if one ever becomes necessary, must await a new sentence entered upon a proper record.