693 P.2d 1072

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lawny BROWNING, Defendant-Appellant.**

**No. 15059.**

Court of Appeals of Idaho.

Dec. 18, 1984.

W. Brent Eames, Rexburg, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Lawny Browning appeals from a conviction of aggravated assault upon a law enforcement officer. I.C. §§ 18–905 and 915. Browning contends on appeal that the district court erred by not granting his motion under Idaho Criminal Rule 33(c) to withdraw his guilty plea before he was sentenced. We agree. We vacate the judgment of conviction and remand this case to allow Browning to withdraw his guilty plea.

The record in this case shows that neither at the time Browning was arraigned in district court nor at the time he entered his guilty plea was he advised that such a plea would constitute a waiver of his right, under the sixth amendment to the United States Constitution, to confront the witnesses against him. In respect to waiver of rights by a guilty plea, Idaho Criminal Rule 11(c) provides:

Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

.    .    .    .    .

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, his right to trial by jury, and his right to confront witnesses against him.

See also State v. Colyer, 98 Idaho 32, 557 P.2d 626 (1976) and State v. Watson, 99 Idaho 694, 587 P.2d 835 (1978).

The state argues that failure to advise Browning of his right of confrontation was "insignificant." The state points out that Browning had been advised by the court that a plea of guilty would waive the right to a jury trial. The state urges that if there were no jury trial there would be no witnesses to confront. We recognize that case law from some other jurisdictions supports the state's position. See United States v. Ready, 460 F.2d 1238 (4th Cir. 1972); United States v. Jackson, 627 F.2d 883 (8th Cir.1980), cert. denied, 449 U.S. 998, 101 S.Ct. 540, 66 L.Ed.2d 297 (1980); Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972); United States v. Dawkins, 448 F.Supp. 1343 (E.D.Pa.1978) aff'd. 577 F.2d 729 (3rd Cir.1978); Vickery v. South Carolina, 367 F.Supp. 407 (D.S.C.1973); In Re Beasley, 66 Ill.2d 385, 6 Ill.Dec. 202, 362 N.E.2d 1024 (Ill.1977), cert. denied, 434 U.S. 1016, 98 S.Ct. 734, 54 L.Ed.2d 761 (1978); People v. Tennyson, 9 Ill.App.3d 329, 292 N.E.2d 223 (Ill.1972).

However, in light of the clear language of Rule 11(c), adopted by the Idaho Supreme Court, we decline to follow the state's suggestion. Rule 11(c) does not treat advice concerning the right to a jury trial as a substitute for advice on the right to confrontation. It requires that the defendant be advised of each right. If the rule is to be amended, it should be done by the Idaho Supreme Court, not by our court on the basis of decisions in other jurisdictions. We hold that Rule 11(c) controls and that a guilty plea cannot be accepted unless

the record (including reasonable inferences drawn therefrom) shows the defendant was advised of the rights enumerated by the rule—including confrontation of witnesses against him—which are waived by the plea.

■ The state also contends that waiver of the confrontation right can be inferred from the record because Browning previously had been involved in the criminal justice system and because his plea of guilty was entered during a recess while the jury was being selected to try his case. We decline to draw such an inference, following the direction given by our Supreme Court in *State v. Watson, supra,* 99 Idaho at 702, 587 P.2d at 843.

We note, in fairness to the district judge below, the record shows that Browning and the judge engaged in a colloquy—concerning whether Browning had been advised of his confrontation right—during Browning's sentencing, immediately following denial of Browning's motion to withdraw his plea. The judge stated his recollection that Browning had been advised of waiver of that right; Browning contended that he had not been so advised. It now appears from the record that the judge was mistaken and that Browning was correct. We have no doubt that the district court would have taken proper corrective action, obviating the necessity of this appeal, had the judge realized his recollection was in error.

We hold the district court erred in refusing to grant Browning's motion to set aside his plea of guilty. We vacate the judgment of conviction and remand the case to the district court with direction to grant Browning's motion.