834 P.2d 899

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harry CAREY, Defendant–Appellant.**

**No. 19308.**

Court of Appeals of Idaho.

June 3, 1992.

Petition for Review Denied Aug. 26, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Harry Carey appeals from the judgment of conviction and sentences imposed after the entry of his conditional plea of guilty to sexual abuse of a minor and to lewd conduct with a minor. I.C. §§ 18–1506, –1508. He contests the district court's denial of his motion to suppress, in an attempt to have his conviction overturned. He attacks the manner in which his sentences were imposed, including the court's failure to provide him the right of allocution and to obtain a psychological evaluation, and he contends that his sentences were excessive, ill-reasoned and imposed out of anger and passion on the part of the district judge. We affirm the order of the district court denying Carey's motion to suppress, but we vacate the sentences and remand for resentencing.

The following summary of the crimes is gleaned from the Indictment, court minutes, and the statement Carey made to investigating officers. On the sexual abuse count, Carey pled guilty to "touching the genital area of . . . [a six-year old] child over her clothes." On the lewd and lascivious count, he pled guilty to "committing manual-genital contact with . . . [a five-year old] child." Apparently, both offenses were committed on the same day, outdoors, near homes where the children were playing. Also, apparently, Carey knew the victims.

Carey argues that his statement to the police should not have been used against him and should have been suppressed. In the interview conducted by the police, he admitted doing the acts mentioned above; however, he asserts that he only made these statements because he was coerced by the officers, considering his confused state of mind at the time of questioning. As a second basis for suppressing his statement, he asserts that he was not advised of his rights, particularly his right to counsel, in accordance with I.C. § 19–853 before the officers proceeded with their interrogation.

In reviewing an order denying a motion to suppress evidence, the appellate court will not disturb the district court's determinations of fact which are based upon substantial evidence, but we exercise free review of the lower court's decision as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Aitken,* 121 Idaho 783, 828 P.2d 346, 347 (Ct.App.1992), *citing State v. Culbertson,* 105 Idaho 128, 666 P.2d 1139 (1983); *State v. Rusho,* 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986). The burden is upon the state to show, by a preponderance of the evidence, that a defendant's confession was voluntary. *State v. Aitken, supra.* The voluntariness of a confession must be measured by a "totality of the circumstances" test. *Id.*

Before we consider the record for evidence of the voluntary nature of Carey's statements, we must address the state's argument regarding the timeliness of the motion to suppress. The state points out that defendant's motion was not filed within twenty-one days after the entry of the not guilty plea or seven days before trial as required by I.C.R. 12. Pursuant to section (e) of the rule, the state urges that an untimely filing, without relief from the court from the time limits, results in a waiver of the request for suppression of evidence.

A careful reading of *State v. Alanis,* 109 Idaho 884, 712 P.2d 585 (1985), which is cited by the state, seems to defeat the state's argument that the discretionary power of the trial court to relieve a party from compliance with the rule can only be exercised for good cause shown or for excusable neglect. Unlike *Alanis,* the prosecutor in the present case acquiesced in the defendant's delayed filing of the motion to suppress by not objecting to the motion and by proceeding with argument, such that we cannot find error in the trial court's decision to hear the motion. Under the circumstances, the state cannot prevail on this point.

At the hearing on the motion to suppress, Carey was the only one to testify.

He indicated that when he was taken into custody, he "did not know what was going on." He admitted that he was confused and troubled with problems with his girlfriend, his mother's death while he was in the penitentiary, and his sister's alcoholism. He testified that all of the difficulties combined to cause him great stress, and it was only because of this stress that he made the statements to the police.

Through the prosecutor's cross-examination, the state obtained testimony from Carey that the officers in no way had threatened him or forced him to say anything against his will. In fact, Carey stated, "I don't think it was the police that caused my stress." Carey was then questioned by the district judge, who confirmed that Carey had been advised of and acknowledged his rights to remain silent and to have legal counsel present, and that anything he might say could be used against him. The district judge had before him a transcript of the police interview and the acknowledgement of rights form that Carey had signed. The district court found no support for Carey's contention that the officers had exerted force to compel his statements admitting guilt.

█ The voluntariness of a confession need be established only by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986), *citing Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). We are satisfied that the district judge had sufficient facts to conclude that Carey's statements were voluntarily made. Only police conduct causally related to the defendant's confession is pertinent to our assessment of the voluntariness of statements made to the police. *State v. Davis*, 115 Idaho 462, 464, 767 P.2d 837, 839 (Ct. App.1989), *citing Colorado v. Connelly, supra; State v. Johns*, 112 Idaho 873, 736 P.2d 1327 (1987). Where Carey's psychological and emotional problems were not the product of police coercion, he cannot rely on them to invoke the exclusionary protections he requested in his motion to suppress. *Compare State v. Davis, supra* (defendant's confession held involuntary where police conduct in arresting defendant's mother and referring to her plight during interrogations elicited confession from defendant).

We also conclude that Carey's signed acknowledgement of rights and his testimony contradict his assertion on appeal that his statements should be suppressed because he was not read his rights. Idaho Code § 19–853, which is the codification of the rights contained in the *Miranda* warnings, however, was not specifically argued at the suppression hearing. We hold that suppression of Carey's statements was properly denied. Accordingly, we affirm the judgment of conviction entered following the acceptance of defendant's conditional guilty plea.

█ The remaining issues raised by Carey relate to sentencing. Carey received the maximum permissible sentence on the charge of sexual abuse of a minor: fifteen years' confinement, without possibility of parole. He was given a consecutive indeterminate life sentence with a fixed term of twenty years on the charge of lewd and lascivious conduct with a minor. Under these sentences, Carey's minimum period of confinement would be thirty-five years. Carey, who was thirty-six years old at the time he was sentenced in this case, argues that these sentences, which virtually insure that he will spend the rest of his life in prison, are excessive and the result of the sentencing judge's passion and anger at his crime. Carey contends a psychological evaluation would have been of assistance in this case and should have been ordered by the court. He also contends that it was reversible error for the district court to deny him the right to make a statement on his own behalf before the court handed down the sentence.

Idaho Criminal Rule 33, which governs sentencing procedures, provides, in part:

> Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally to ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

I.C.R. 33(a)(1). The failure by the trial judge to afford the right of allocution is not grounds for reversing the judgment of conviction, but requires a remand to permit resentencing after appellant is granted the right to speak. *Van Hook v. U.S.*, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961); *Grabina v. U.S.*, 369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7 (1962); *U.S. v. Navarro–Flores*, 628 F.2d 1178 (9th Cir.1980); *State v. Goodrich*, 97 Idaho 472, 479, 546 P.2d 1180, 1187 (1976). Affording defense counsel the right to speak on the accused's behalf does not constitute compliance with the rule. *State v. Goodrich, supra* at 480, 546 P.2d at 1188.

The sentencing in Carey's case took place approximately two weeks after the entry of his conditional plea of guilty. Defense counsel indicated to the court that the defendant would not be testifying and that "to put Harry on the stand would risk him to making statements on the record which could come back to haunt him later should the conditional plea fall apart at a later time after appeal." (Tr. p. 32.) Counsel then presented three witnesses in mitigation. The court participated in questioning the last witness. Thereafter, counsel stated, "That's all our witnesses, Your Honor."

Normally, at this point, defense counsel would be given an opportunity to address the court, providing or summarizing the information which counsel believes the court should consider in arriving at a fair sentence. However, as soon as counsel indicated that no other witnesses would be called, the court said to the defendant: "This is the third go around for you and your propensities to try to satisfy your sexual predilections on little kids, but [you're] not going to do it again if I can help it." Immediately, the court pronounced the sentences.

■ The state argues that if any error exists, it was invited by defense counsel's statement to the court that the defendant would not be testifying. There is, however, a distinction between Carey refusing to take the stand where he would be subject to cross-examination and waiving his right to make a statement prior to being sentenced. The record of the sentencing hearing is clear. The district court did not invite the defendant to make a statement and engaged in no colloquy with the defendant before imposing sentence. Nor did the court afford defense counsel any opportunity to present a plea for leniency. The defendant and his counsel were deprived of an opportunity to speak and attempt to persuade the court before the court committed itself to the announced sentences. As soon as the sentences were pronounced, the court adjourned. We hold that the omission by the sentencing court to afford the right of allocution was error. Without disturbing the judgment of conviction, we remand the case for resentencing.

■ The remaining issues as to the severity of Carey's sentence and the lack of a psychological evaluation have no bearing on the outcome. We will discuss them so as to illuminate the course the district court should follow upon remand. We have held that the request for, and the sufficiency of, a psychological evaluation are matters within the trial judge's discretion. *State v. Pearson*, 108 Idaho 889, 702 P.2d 927 (Ct.App.1985). We see in the record no request by defense counsel for an evaluation. Carey entered his conditional pleas of guilty at a hearing on March 22, 1991. The minutes of that hearing state that Carey "waived his right to have a presentence investigation report prepared prior to sentencing and will supply the court with information at the time sentencing is set." Nevertheless, the trial court's discretion to forego a presentence report is not unbounded. *See* I.C.R. 32. The record must affirmatively establish a valid reason to dispense with the report, and there must be sufficient information from independent sources to enable the sentencing court to fashion an appropriate sentence. *State v. Romero*, 116 Idaho 391, 775 P.2d 1233 (1989).

■ Finally, the record in Carey's case does not support sentences requiring thirty-five years incarceration, which is the equivalent of a fixed life term of confinement, absent some explanation by the judge for his sentences. We recognize that

Carey is a repeat sexual offender who has served time in prison on two prior occasions. We are shown only these bare facts, with no explanation of the prior crimes. A severe sentence, particularly, deserves some comment and judicial reasoning, especially where the record reveals only a shadow of the person who, in a matter of seconds, is dispatched to prison for the remainder of his life.

Protection of society is the only plausible justification for imposing such severe sentences. The conduct of the defendant in the present case was outrageous and intolerable, to say the least; it is deserving of meaningful punishment, but these sentences clearly outweigh the need for retribution. The court should explain—given the nature of these offenses—why such lengthy fixed sentences were warranted.

The question remains whether the protection of society requires the defendant to be incarcerated, at great public expense, until he passes the age of seventy. The record does not provide an answer to this question from any source. We have quoted the only explanation given by the court at the time of sentencing.

Based on the present record, we find no fault with the indeterminate-life aspect of the second sentence. Such a sentence is based on past behavior, yet it recognizes the uncertainty of future events, and it allows for change. It is understandable that the court perceived no present likelihood that Carey would change his behavior, but we are troubled by a sentence which says, in effect, that our society will find no better way in the next thirty-five years to deal with this aberrant defendant than to incarcerate him. Such a sentence not only gives up on the defendant but it reflects little hope for society's progress as well. Such a rigid sentence should be well supported by the record and based on proper sentencing goals. Here, the record is silent.

In summary, we affirm the denial of the suppression motion and the judgment of conviction; we vacate the sentences and remand for new sentencing proceedings.

WALTERS, C.J., and SILAK, J., concur.