69 P.3d 1074

STATE of Idaho, Plaintiff–Respondent,

v.

Jeremie W. GERVASI, Defendant–Appellant.

No. 27745.

Court of Appeals of Idaho.

April 30, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Jeremie W. Gervasi appeals from the sentence imposed upon his guilty plea to eluding a police officer, I.C. § 49–1404(2)(c). Gervasi argues that the district court erred in failing to afford Gervasi his right of allocution and thus, his sentence should be vacated. Gervasi also appeals from the denial of his Rule 35 motion. We vacate Gervasi's sentence and remand the case for resentencing.

## I.

## FACTS AND PROCEDURAL HISTORY

In February 2001, a deputy sheriff observed Gervasi's vehicle exceeding the posted speed limit, and attempted to execute a traffic stop. Because Gervasi knew he had an outstanding warrant for probation violations, he attempted to elude the deputy. Gervasi eventually drove into a ditch and fled on foot, leaving an adult male and Gervasi's seven-year-old nephew in the vehicle. Deputies unsuccessfully pursued Gervasi. After Ger-

vasi voluntarily surrendered two days later, he was charged with eluding a police officer by driving in a manner as to endanger or be likely to endanger the property or the person of another, I.C. § 49–1404(2)(c), and with injury to a child for endangering his nephew, I.C. § 18–1501(1).

As part of a plea agreement, Gervasi entered a plea of guilty to the eluding charge, and the state dismissed the injury to a child charge. At the outset of the sentencing hearing, the district court explained the sentencing procedure to Gervasi, including Gervasi's right to address the court. The judge stated, "After I hear the recommendations, Mr. Gervasi, I'll give you a chance to make a statement. The law allows you and requires me to give you the chance to make a statement." The district court did not thereafter offer Gervasi an opportunity to speak prior to sentencing. Instead, the court allowed both counsel to address the court, and then proceeded to impose a unified sentence of five years, with two years determinate. After ordering Gervasi into the custody of the bailiff, the court apparently realized that it had overlooked giving Gervasi an opportunity to exercise his right of allocution. The court asked Gervasi as he was being escorted out if he wished to make a statement. Gervasi declined to make any statement. Gervasi subsequently filed a Rule 35 motion for reduction of sentence, which the district court denied. Gervasi timely appeals from the sentence and from the denial of his Rule 35 motion.

## II.

## ANALYSIS

### A. Preservation of Claim on Appeal

Gervasi argues that the district court's failure to afford him the opportunity to make a statement on his own behalf before sentencing requires a remand for resentencing and that the sentence imposed is excessive. Because we determine that the denial of Gervasi's right of allocution is dispositive, we do not reach the issue of whether the sentence is excessive.

We first address, however, the state's argument that the issue of denial of allocution cannot be raised for the first time on appeal. As a general rule, issues must be raised before the trial court in order to be considered on appeal. *State v. Smith*, 130 Idaho 450, 454, 942 P.2d 574, 578 (Ct.App. 1997). A limited exception to this rule applies to criminal cases where "fundamental error" is shown. *State v. Toohill*, 103 Idaho 565, 566, 650 P.2d 707, 708 (Ct.App.1982). Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911 (1994).

Whether a claim of error based on a denial of allocution must be preserved by objection at sentencing is a matter of first impression for this Court. In Idaho, the right of allocution is safeguarded by I.C.R. 33. *State v.Goldman*, 107 Idaho 209, 211–12, 687 P.2d 599, 601–02 (Ct.App.1984). Idaho Criminal Rule 33(a)(1) states in pertinent part, "*Before imposing sentence* the court shall afford counsel an opportunity to speak on behalf of the defendant and *shall address the defendant personally to ask if the defendant wishes to make a statement* and to present any information in mitigation of punishment." (Emphasis added). Several cases have evidenced the considerable protection Rule 33 provides. Affording only defense counsel the right to speak on behalf of the accused does not constitute compliance with this rule. *State v. Goodrich*, 97 Idaho 472, 480, 546 P.2d 1180, 1188 (1976). Even where defense counsel stated defendant would not be "testifying" at his sentencing hearing, the court's failure to provide defendant with allocution was held to be error requiring remand for new sentencing. *State v. Carey*, 122 Idaho 382, 386, 834 P.2d 899, 903 (Ct.App.1992). A denial of allocution at sentencing was held to be not cured by defense counsel's subsequent communication with the sentencing judge. *Goldman*, 107 Idaho at 212, 687 P.2d at 602. Further, allocution has a time-honored place in the jurisprudence of most American states. *Goldman*, 107 Idaho at

211, 687 P.2d at 601. The right of allocution is a traditional, common-law right of a criminal defendant which was recognized as early as 1689. *Boardman v. Estelle,* 957 F.2d 1523, 1526 (9th Cir.1992). The United States Supreme Court has stated:

> We are not unmindful of the relevant major changes that have evolved in criminal procedure since the seventeenth century—the sharp decrease in the number of crimes which were punishable by death, the right of the defendant to testify on his own behalf, and the right to counsel. But we see no reason why a procedural rule should be limited to the circumstances under which it arose if reasons for the right it protects remain. None of these modern innovations lessens the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation.

*Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 673 (1961).

 We recognize that *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962), indicates that denial of allocution is "not a fundamental defect which inherently results in a complete miscarriage of justice." However, the duty of the court under Rule 33(a)(1) is very similar to requirements imposed upon the trial courts by I.C.R. 11. Rule 11 imposes an obligation on the court to inform a defendant entering a guilty plea of his waiver of the right against compulsory self-incrimination, of the right to trial by jury, and of the right to confront witnesses against himself. Under Rule 11, a guilty plea is invalid where the court fails to advise the defendant of each right. *State v. Browning,* 107 Idaho 870, 871–72, 693 P.2d 1072, 1073–74 (Ct.App.1984). While a denial of allocution has not been held to constitute a denial of due process under the United States Constitution, and therefore does not implicate a federal constitutional right, like those waived by a guilty plea, states are free to provide greater protections than those afforded at the federal level. *See State v. Donato,* 135 Idaho 469, 471, 20 P.3d 5, 7 (2001); *Oregon v. Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570, 575 (1975). We are persuaded that allocution is so important a right that a court's failure to meet its obligation to allow a defendant the opportunity of allocution should be subject to challenge on appeal as fundamental error.

 Thus, based on the history of the right to allocution, its role in Idaho's criminal justice system, the considerable protection for the right afforded under Rule 33 and Idaho case law, and similarity to the protections afforded defendants under Rule 11, we conclude that denial of the right of allocution may be raised for the first time on appeal, regardless of objections at sentencing.[1]

### B. Denial of Right of Allocution

Next, we consider Gervasi's argument that the district court failed to afford him his right to allocution before sentencing and that the district court's subsequent actions did not cure the failure. Because this issue involves a question of law, we exercise free review. *See State v. Sabin,* 120 Idaho 780, 781, 820 P.2d 375, 376 (Ct.App.1991)

 The express terms of Rule 33 require the sentencing judge to "address the defendant personally to ask if the defendant wishes to make a statement." The record discloses that the judge explained the sentencing procedure to Gervasi, including Gervasi's right to address the court. The judge stated, "After I hear the recommendations, Mr. Gervasi, I'll give you a chance to make a statement. The law allows you and requires me to give you the chance to make a statement." While the district court informed Gervasi of his right to allocution, the court never afforded him the opportunity to speak, which is the critical inquiry. Informing a defendant of the right is much different than

1. The state also argues that Gervasi failed to allow the district court to correct the error through a Rule 35 motion for correction of a sentence imposed in an illegal manner and therefore, the issue cannot be raised on appeal. We disagree. Although the issue could have been more expeditiously raised in a Rule 35 motion, we conclude that such action was not essential to allowing review on appeal to this Court. We note that prior Idaho cases considering denial of allocution did not involve a prior Rule 35 motion for correction of a sentence imposed in an illegal manner. *See Goodrich,* 97 Idaho 472, 546 P.2d 1180; *St. v. Nez,* 130 Idaho 950, 950 P.2d 1289 (Ct.App.1997); *Carey,* 122 Idaho 382, 834 P.2d 899; *Goldman,* 107 Idaho 209, 687 P.2d 599.

offering the defendant an opportunity to utilize the right. Rule 33 states that the court must "ask if the defendant wishes to make a statement," and must do this before sentencing. Further, it is not incumbent upon the defendant to personally interrupt, and potentially embarrass or annoy, the judge who will be sentencing him. We, therefore, conclude the express terms of Rule 33(a)(1) were not met here, and Gervasi's right of allocution was denied.

 Lastly, we consider whether the district court's act of *subsequently* asking Gervasi if he wished to make a statement after sentencing had occurred, served to cure the denial of the right. Having just been sentenced to prison and ordered into the custody of the bailiff, it is not reasonable to conclude that Gervasi would have believed that he was still in a position to ask the court for mercy. The district court did not offer any indication that it would reconsider the sentence or that any invited statement would be received and considered for the purpose of mitigating sentence. Offering a criminal defendant the opportunity to make a statement in allocution after sentence has already been imposed is insufficient to satisfy the requirement of Rule 33 unless the court clearly indicates that the just-imposed sentence is subject to modification, and honestly considers the defendant's statement. *See United States v. Margiotti,* 85 F.3d 100, 102 (2nd Cir.1996); *United States v. Laverne,* 963 F.2d 235, 236–37 (9th Cir.1992). Therefore, under these circumstances, we conclude that asking Gervasi if he wished to make a statement after sentence had been passed was insufficient to cure the denial of the right of allocution.

### III.

### CONCLUSION

We conclude that a denial of allocution may be raised for the first time on appeal, that the district court did not afford Gervasi his right of allocution, and that the court further failed to cure the denial of allocution. Thus, Gervasi's sentence is vacated and the case is remanded for resentencing in compliance with Rule 33. The denial of Gervasi's Rule 35 motion is also vacated.

Chief Judge LANSING and Judge PERRY concur.