**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39664**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Opinion No. 26 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 6, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTT ANTHONY HANSEN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Judgment of conviction and sentence for statutory rape, affirmed; order relinquishing jurisdiction, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GUTIERREZ, Chief Judge

Scott Anthony Hansen appeals from his judgment of conviction and sentence imposed for one count of statutory rape, the district court's order relinquishing jurisdiction, and the district court's denial of Hansen's Idaho Criminal Rule 35 motion. Specifically, Hansen asserts that the district court violated his right to due process by denying him allocution at sentencing and that the violation of that right amounts to fundamental error. Hansen also argues the district court abused its discretion by imposing an excessive sentence, by relinquishing jurisdiction, and by denying Hansen's Rule 35 motion for a reduction in sentence. Hansen asks this Court to remand the case for resentencing, or alternatively, to reduce his sentence.

1

# I.

## FACTS AND PROCEDURE

At the age of seventeen, Hansen went to live with a church friend because Hansen's father was incarcerated and Hansen's relationship with his step-mother was tenuous. While staying at the friend's house, Hansen began having sexual relationships with two thirteen-year-old victims. Based on conduct with the two victims that occurred after Hansen had reached eighteen years of age, the State charged him with one count of statutory rape and one count of lewd conduct with a minor under the age of sixteen. Pursuant to a plea agreement, Hansen pled guilty to statutory rape, Idaho Code § 18-6101(1).

At the sentencing hearing, the district court stated, "Before I decide what to do in this case, Mr. Hansen, I'll afford you an opportunity to make a statement on your own behalf or to present to me any evidence or information in mitigation in an effort to lessen any punishment I might otherwise impose." Defense counsel responded, "I know that my client does have a statement; however, I have information for the Court, and I have three witnesses to call." After presenting the three witnesses, defense counsel asked for a unified five-year sentence, with two years determinate, and a period of retained jurisdiction. In accordance with the plea deal, the State recommended a ten-year sentence, with two years determinate, and a period of retained jurisdiction. The district court listened to the witness testimony and argument by defense counsel, asked specific questions of Hansen regarding information in the presentence investigation report and testimony from the witnesses, and imposed a unified sentence of eight years, with two years determinate, but retained jurisdiction. Before imposing the sentence, the district court did not ask whether Hansen wished to make a statement.

Before the period of retained jurisdiction was to expire, the district court relinquished jurisdiction without a hearing based on a recommendation from Hansen's case manager at the correctional institution. Hansen appealed and also timely filed a Rule 35 motion for a reduction in sentence. The district court denied Hansen's motion. Hansen amended his notice of appeal to include the denial of the Rule 35 motion. As the primary issue before this Court, Hansen asserts the district court violated his right to due process by denying him allocution at sentencing, amounting to fundamental error and requiring a remand for resentencing. Hansen also argues the district court abused its discretion by imposing an excessive sentence, by relinquishing jurisdiction, and by denying Hansen's Rule 35 motion.

# II.

# ANALYSIS

**A.      Allocution at Sentencing**

Preliminarily, the State argues this Court does not have jurisdiction to review whether Hansen's due process rights were violated by the district court because Hansen timely appealed only from the order relinquishing jurisdiction. The State asserts that, based on Idaho Appellate Rule 14(a), such an appeal only allows this Court to review "the sentence contained in the judgment" and does not confer jurisdiction to review whether the district court violated Hansen's due process rights at the sentencing hearing.

The State's argument is without merit. Allocution is a procedural right that is centrally related to sentencing and allows the defendant to make a statement or present information in mitigation of punishment. *See* I.C.R. 33(a)(1). Pursuant to Rule 14(a), if, at the time of judgment, the district court retains jurisdiction, the time to file an appeal from the sentence contained in the criminal judgment is enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation. As such, a timely appeal from a district court's order relinquishing jurisdiction gives this Court jurisdiction to review the proceedings and considerations of the district court relating to and leading up to the proclamation of the sentence actually imposed. *See State v. Bartlett*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Ct. App. Feb. 12, 2013) (reviewing, on appeal from an order relinquishing jurisdiction, the defendant's allegation that the district court's statements at sentencing amounted to a promise of probation if the defendant successfully completed a period of retained jurisdiction); *State v. Alberts*, 121 Idaho 204, 208-09, 824 P.2d 135, 139-40 (Ct. App. 1991) (looking at actions and statements of the trial court at the sentencing hearing in reviewing whether it exercised proper discretion in imposing consecutive sentences, on appeal from an order relinquishing jurisdiction); *State v. Caldwell*, 119 Idaho 281, 282, 805 P.2d 487, 488 (Ct. App. 1991) (noting that the appellate court has jurisdiction to conduct an independent review of the record to determine whether a sentence was excessive on a timely appeal from an order relinquishing jurisdiction). Moreover, judicial economy and sound policy demonstrate this approach is necessary to discourage the filing of premature appeals of a sentence that a defendant otherwise has no incentive to challenge. *See State v. Adams*, 115 Idaho 1053, 1055-56, 772 P.2d 260, 262-63 (Ct. App. 1989). When a district court retains jurisdiction

or places the defendant on probation, for example, the defendant has little reason to file an appeal from the sentence unless jurisdiction is later relinquished--as in this case--or probation is revoked and the sentence is executed. *See id.* at 1055, 772 P.2d at 262 ("[W]hen a sentence is suspended and probation is granted, the defendant has scant reason, and no incentive, to appeal. Only if the probation is later revoked, and the sentence is ordered into execution, does the issue of an excessive sentence become genuinely meaningful.") Therefore, the extension of time to appeal "the sentence contained in the criminal judgment" granted by Rule 14(a) is not rigidly confined to exclude matters related to the sentencing hearing. Hansen timely appeals the order relinquishing jurisdiction and argues that the violation of his due process rights, by denying him allocution at sentencing, resulted in a greater punishment than the district court otherwise would have imposed. Accordingly, we have jurisdiction to review the challenge.

Hansen did not object or raise his challenge regarding allocution at sentencing before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id*. at 226, 245 P.3d at 978.

Hansen asserts he meets the fundamental error standard, arguing that Idaho law regarding the right to allocution, which precedes *Perry*, provides greater protection than corresponding federal law. The State argues that the right to allocution is not of a constitutional dimension and, therefore, Hansen cannot meet the first prong of the *Perry* test.

As noted above, allocution is a procedural right of a criminal defendant that is safeguarded through Idaho Criminal Rule 33(1)(a), which provides in relevant part as follows: "Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the

defendant and shall address the defendant personally to ask if the defendant wishes to make a statement and to present any information in mitigation of punishment." Idaho case law evidences the considerable protection that Rule 33 provides. For example, allowing defense counsel the right to speak on behalf of the accused does not constitute full compliance with this rule. *State v. Goodrich*, 97 Idaho 472, 480, 546 P.2d 1180, 1188 (1976); *State v. Gervasi*, 138 Idaho 813, 815, 69 P.3d 1074, 1076 (Ct. App. 2003). Moreover, a district court's failure to allow the defendant to allocute at sentencing is grounds for remanding the case for resentencing, and we have held that, even if the defendant did not object to the error at sentencing, the failure to object does not preclude a review for fundamental error. *Gervasi*, 138 Idaho at 815-16, 69 P.3d at 1076-77; *see also State v. Carey*, 122 Idaho 382, 386, 834 P.2d 899, 903 (Ct. App. 1992) (holding the district court's failure to provide a defendant with allocution requires a remand for resentencing).

However, the cases cited above were decided before the Idaho Supreme Court revised the fundamental error review standard in *Perry*. In light of *Perry*, we must examine whether a criminal defendant may still challenge a court's failure to allow the defendant allocution on appeal as fundamental error when he does not object before the trial court. More specifically, we must determine whether the right to allocution is a constitutional right.

In *Gervasi*, this Court stated, "[A]llocution has a time-honored place in the jurisprudence of most American states. The right of allocution is a traditional, common-law right of a criminal defendant which was recognized as early as 1689." *Gervasi*, 138 Idaho at 815-16, 69 P.3d at 1076-77 (citations omitted). We noted the United States Supreme Court has recognized that the evolution in criminal procedure has not obviated the need for a defendant to personally have the opportunity to present a plea for leniency to the court. *Id.* at 816, 69 P.3d at 1077 (citing *Green v. United States*, 365 U.S. 301, 304 (1961)). We also noted that "the denial of allocution has not been held to constitute a denial of due process under the United States Constitution, and therefore does not implicate a federal constitutional right." *Id.* In fact, the United States Supreme Court has held that the failure of a trial court to ask a defendant whether he has a statement to make before a sentence is imposed is not itself error that is constitutional in nature. *Hill v. United States*, 368 U.S. 424, 428 (1962). The United States Supreme Court later recognized it had "not directly determined whether or to what extent the concept of due process of law requires that a criminal defendant wishing to present evidence or argument . . . should be

5

permitted to do so." *McGautha v. California*, 402 U.S. 183, 218 (1971), *judgment vacated on other grounds by Crampton v. Ohio*, 408 U.S. 941 (1972).[1]  Nonetheless, Hansen argues Idaho affords protections greater than federal law, relying on language in a previously decided case, wherein we stated, "We are persuaded that allocution is so important a right that a court's failure to meet its obligation to allow a defendant the opportunity of allocution should be subject to challenge on appeal as fundamental error." *Gervasi*, 138 Idaho at 816, 69 P.3d at 1077.

We are not persuaded that the cases on which Hansen relies commutes the right of allocution into a constitutional due process right sufficient to meet the revised fundamental error standard.  Although Idaho appellate courts have stressed the importance of the right of allocution, we have never explicitly held that due process, required under Article I, Section 13, of the Idaho Constitution, requires that a defendant be afforded the right to allocution.  Rather, in our jurisprudence, we have depended on Rule 33(a), prior precedent, and the role of allocution in the history of Idaho's criminal justice system.  *See, e.g., Gervasi*, 138 Idaho at 816, 69 P.3d at 1077.  We have referenced a criminal defendant's due process rights in regards to sentencing and, within that context, examined other jurisprudence that recognizes that the right of allocution is vital to a defendant's defense.  *State v. Nez*, 130 Idaho 950, 958, 950 P.2d 1289, 1297 (Ct. App. 1997).  Even where we reference constitutional due process rights of a criminal defendant, we have only gone so far as to acknowledge there is case law that accepts allocution as a constitutional right guaranteed by due process when a defendant *requests* to make a statement and the district court *affirmatively denies* the request.  *See id.* at 958, 950 P.2d at 1297 (citing *Boardman v. Estelle*, 957 F.2d 1523, 1529-30 (9th Cir. 1992)).  To elaborate, in *Boardman*, the Ninth Circuit held that allocution is a due process right, but limited its holding to circumstances where the defendant asks to speak at sentencing and is denied that opportunity.  *Boardman*, 957 F.2d at 1530.  We have not explicitly adopted the reasoning of that court and are not presented with the same circumstance in this case.  Hansen's defense counsel did indicate that Hansen had

---

[1]    *See also* 6 WAYNE R. LAFAVE, CRIMINAL PROCEDURE § 26.4(g) (3d ed. 2012), wherein the commentator recognizes the following:

> While some opportunity to object to the sentencing information relied upon by the court is generally considered part of the due process guaranteed to criminal defendants under the Constitution, that opportunity, at least in non-capital cases, does not necessarily include either the right to present evidence, or the right to make a personal unsworn statement to the sentencer, otherwise known as the right of allocution.

6

a statement to make at the sentencing hearing, but from the record we cannot conclude the district court's failure to later invite a statement was an *affirmative denial* of the opportunity to allocute and not simply an oversight.

In determining that Hansen does not meet the first prong of *Perry*, we do not purport to put the burden on a defendant to ensure that a trial court adheres to its obligation contained within Rule 33(a) and afford the defendant the right to allocution. However, a violation by the district court of a rule of procedure does not necessarily equate to a deprivation of a constitutional right. *See Hill*, 368 U.S. at 426. Because *Perry* is the controlling law in Idaho, Hansen must show that the denial of allocution is of a constitutional nature. He cannot do so and, thus, fails to demonstrate fundamental error.

**B.      Excessive Sentence**

Hansen asserts his unified sentence of eight years, with two years determinate, is excessive given any reasonable view of the facts. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Hansen asked for a unified five-year sentence, with two years determinate, and a period of retained jurisdiction. Pursuant to the plea agreement, the State recommended a unified ten-year sentence, with two years determinate, and also a period of retained jurisdiction. It is important to note that the sentence imposed was well within statutory limits. The district court

considered Hansen's background, his troubled childhood, and his prospects for rehabilitation and imposed a sentence less than that recommended by the State pursuant to the plea agreement. In consideration of the nature of the crimes, Hansen's high risk for recidivism, and Hansen's failure to understand the impact of his crimes, the sentence was not excessive under any reasonable view of the facts. Accordingly, there was no abuse of discretion.

## C.     Relinquishment of Jurisdiction

Hansen asserts the district court abused its discretion by relinquishing jurisdiction because he had some success during the retained jurisdiction program at North Idaho Correctional Institute (NICI), he recognized his problem, and he desired to be more successful in the future. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). A court's decision to relinquish jurisdiction will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate. *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001).

Here, Hansen's case manager at NICI recommended that the district court relinquish jurisdiction less than two months after Hansen began the program. In the short time Hansen was in the program, he had numerous disciplinary issues. Though the issues were first dealt with through a community model, Hansen's behavior did not improve. Even when intervention efforts were accelerated, Hansen did not take responsibility for his actions or seek to correct his behavior. In fact, the addendum to the presentence investigation report evidences that Hansen grew more defiant and blatantly disregarded treatment requirements and recommendations. Even Hansen admits that his success during the period of retained jurisdiction was limited. Based on evidence that Hansen was unwilling to follow treatment guides, correct his thinking patterns, or follow basic rules of conduct, the district court had sufficient information to determine Hansen was not a candidate for probation and the court did not abuse its discretion in relinquishing jurisdiction.

## D.     Denial of the Rule 35 Motion

Finally, Hansen argues the district court abused its discretion in denying his Rule 35 motion for a reduction of sentence. Hansen asserts the district court erred in denying the motion

in light of new information--specifically, Hansen's affidavit regarding his time in custody in which he acknowledged his bad decisions and stressed his willingness to change.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *Gill*, 150 Idaho at 186, 244 P.3d at 1272.

The district court denied the Rule 35 motion for the same reasons it relinquished jurisdiction. Even assuming that Hansen's assertions contained within his affidavit were true, the district court noted that Hansen's high risk for recidivism and unwillingness or inability to comply with the law supported an execution of the sentence originally imposed. The sentence was not excessive when imposed and the district court, in finding the sentence served the goals of protecting society and deterring future criminal behavior, did not abuse its discretion in denying the Rule 35 motion.

## III.
## CONCLUSION

We conclude Hansen cannot establish that the district court's failure to later invite allocution at sentencing amounts to fundamental error. We further conclude the district court did not abuse its discretion by imposing the sentence, by relinquishing jurisdiction, or by denying Hansen's Rule 35 motion. Accordingly, we affirm the judgment of conviction and sentence, the order relinquishing jurisdiction, and the denial of the Rule 35 motion.

Judge LANSING and Judge MELANSON **CONCUR.**