**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42170/42171**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 672** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 22, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ANTHONY WAYNE RAMOS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders relinquishing jurisdiction <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Anthony Wayne Ramos appeals from the district court's decision to relinquish jurisdiction and the denial of his Idaho Criminal Rule 35 motions.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ramos appeals from the orders relinquishing jurisdiction and denying his I.C.R. 35 motions in both Supreme Court Docket Nos. 42170 and 42171. In Docket No. 42170, Ramos pleaded guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Ramos to a unified seven-year sentence, with three years determinate, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed Ramos on probation. Subsequently, Ramos committed a new criminal charge of burglary which is at issue in Docket No. 42171, and Ramos admitted to

1

violating the terms of his probation as a result of the commission of that crime. The district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. In Supreme Court Docket No. 42171, Ramos pleaded guilty to burglary, Idaho Code §§ 18-1401, 18-1403. The district court imposed a unified six-year sentence, with three years determinate, and retained jurisdiction.

In both cases, the State and Ramos requested at sentencing that Ramos be placed in the Therapeutic Community retained jurisdiction program. The court expressed its concern about the placement because this was Ramos' third opportunity to participate in the retained jurisdiction program since 2004, and the second opportunity in Docket No. 42170. The court further stated that it would recommend placement in the Therapeutic Community program, but that it would reserve the right to relinquish jurisdiction if Ramos was not placed in that program. At that time, the State expressed a concern that Ramos had medical issues that might prevent him from being placed in the Therapeutic Community, but Ramos' attorney represented that the medical issues had been addressed in the jail and would not likely interfere with Ramos' retained jurisdiction placement.

The record shows that the Idaho Department of Correction initially placed Ramos in the Therapeutic Community program, but that due to Ramos' ongoing medical issues, IDOC was required to place Ramos in the traditional retained jurisdiction program so he could receive the necessary medical services. After the district court was informed of this placement, it issued orders relinquishing jurisdiction.

Ramos filed an I.C.R. 35 motion in each case seeking a reduction in both the determinate and indeterminate portions of his sentence. After a hearing on the motions, the court allowed Ramos to supplement the motions with medical records. In the I.C.R. 35 decisions, the district court denied the motions. The court's orders provide a detailed explanation of the *Toohill*[1] factors including Ramos' criminal history, the opportunities Ramos had previously received to participate in the retained jurisdiction program and probation, and that the underlying sentences imposed were appropriate given the nature of the crimes committed. Finally, the district court found that Ramos' medical conditions were not supported by medical records. The court found that Ramos admitted that he had not been diagnosed or treated for cancer or lymphoma, but that he continued to present this history to prison medical officials. The district court found that

---

[1] *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).

2

Ramos had been untruthful about both his diagnosis of this condition and treatments received for this condition, and that he would not be rewarded for this deception.

Ramos appeals from the district court's decisions to relinquish jurisdiction and the denial of his I.C.R. 35 motions.

## II.

## ANALYSIS

### A.    Retained Jurisdiction

Ramos appeals from the orders relinquishing jurisdiction and argues that the district court abused its discretion when it relinquished jurisdiction on the basis that Ramos was not placed in the Therapeutic Community program and before Ramos had the opportunity to complete programming. In addition, Ramos argues he was a candidate for probation and the court did not consider his mitigating circumstances in issuing those orders.

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 627, 873 P.2d 877, 881 (1994); *State v. Pederson*, 124 Idaho 179, 182, 857 P.2d 658, 661 (Ct. App. 1993).

Idaho Code § 19-2601(4) allows a district court the option to suspend the execution of a judgment and retain jurisdiction over a defendant for up to 365 days. During that time, the IDOC retains the responsibility to determine the appropriate placement for the defendant. *Id.* A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992). The decision to place a defendant on probation or whether, instead, to relinquish

jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). A court's decision to relinquish jurisdiction will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate. *State v. Hansen*, 154 Idaho 882, 889, 303 P.3d 241, 248 (Ct. App. 2013).

While generally a district court can make a recommendation to IDOC for placement in a particular retained jurisdiction program, ultimately, the placement decision is left to the decision and discretion of IDOC. I.C. § 19-2601(4). However, the ultimate decision to grant probation or relinquish jurisdiction rests in the discretion of the district court. *Hansen*, 154 Idaho at 889, 303 P.3d at 248. In this case, the district court did not abuse its discretion in relinquishing jurisdiction when Ramos was not placed in the Therapeutic Community program and before he completed the traditional retained jurisdiction program. At the time of sentencing, the district court expressed its concern that Ramos was being offered another opportunity at retained jurisdiction--the second in his possession of a controlled substance case--and the court made it clear on the record that it was agreeing to the plea agreement recommendation only if Ramos was placed in Therapeutic Community because the court wanted him to receive that treatment or to serve the determinate portion of his sentence. Implicit in the order is the requirement that Ramos successfully complete that program. The district court had sufficient information about Ramos to support this sentencing decision. Ramos was convicted of felony possession of a controlled substance in 2012, participated in retained jurisdiction, and was granted probation. Ramos was on probation at the time that he committed the burglary. The district court had substantial information about the defendant's history, his criminal history, substance abuse, and mental health issues when it both ordered the retained jurisdiction and when it relinquished jurisdiction.

In addition, the record shows that IDOC intended to place Ramos in the Therapeutic Community program but was unable to do so because of Ramos' misrepresentations about his medical issues, which necessitated Ramos being placed on a medical hold. Although Ramos had a history of claiming he had cancer or lymphoma, there are no medical records to confirm that Ramos had been diagnosed or treated with cancer or lymphoma in the past and at sentencing,

4

Ramos acknowledged he had been dishonest concerning his medical condition. At the time of sentencing, Ramos' attorney represented that Ramos had undergone testing and that Ramos' medical condition would not interfere with his retained jurisdiction placement. Despite no documentation for these diagnoses, the medical records show that after Ramos was transferred to IDOC for placement in the retained jurisdiction program, he again claimed that he had symptoms consistent with cancer or lymphoma, and that this caused IDOC to place him on a three-month medical hold rather than place him in the Therapeutic Community program. Therefore, it appears that it was Ramos' continued manipulation that prevented IDOC from placing him in the Therapeutic Community retained jurisdiction. Ramos' was aware that the district court required him to be placed in the Therapeutic Community program or serve out the determinate portion of his sentence. Ramos' continued dishonesty about his medical condition prevented his placement in the Therapeutic Community, and indicated to the district court that he was unwilling to complete the necessary programming to be successful on probation, thus justifying the district court's decision to relinquish jurisdiction.

While district courts generally wait for IDOC to make a recommendation of probation or relinquishment before making a final decision on sentencing, in this case, the district court had sufficient information about Ramos and the reasons for his retained jurisdiction placement when it issued the order relinquishing jurisdiction. The district court did not abuse its discretion in relinquishing jurisdiction prior to the completion of the retained jurisdiction program, and its orders relinquishing jurisdiction are affirmed.

**B.      I.C.R. 35 Motions**

Ramos also argues on appeal that the district court abused its discretion in denying his I.C.R. 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

5

The district court did not abuse its discretion in denying Ramos' I.C.R. 35 motions. The district court held a hearing, reviewed the medical records, and issued a detailed decision in which the court explained its decision to deny the motions. The record supports the district court's decision, and therefore the orders denying Ramos' I.C.R. 35 motions are affirmed.

## III.

## CONCLUSION

For the above reasons, we affirm the district court's orders relinquishing jurisdiction and orders denying I.C.R. 35 motions.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

6