**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36871/36872**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2010 Opinion No. 78** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: November 23, 2010** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| SKYLAR GILL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying Rule 35 motions, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Skylar Gill appeals from the district court's orders denying his I.C.R. 35 motions for reduction of the sentences imposed upon his guilty pleas to possession of a controlled substance, I.C. § 37-2732(c)(1), and aggravated battery, I.C. §§ 18-903(b), 18-907(a). For the reasons set forth herein, we affirm.

In June 2008, an officer initiated a traffic stop of a vehicle in which Gill was a passenger. After the driver of the vehicle was arrested for failing to purchase a driver's license, the officer searched the vehicle and found methamphetamine and drug paraphernalia in a backpack owned by Gill. Gill was charged with possession of a controlled substance in Docket No. 36871. Pursuant to a plea agreement, Gill pled guilty to possession of a controlled substance and an unrelated charge of possession of a controlled substance was dismissed. The state agreed to recommend a period of retained jurisdiction.

1

In October 2008, while in the Twin Falls County jail awaiting sentencing on his possession charge, Gill struck another inmate, fracturing the inmate's jaw. The state charged Gill, in Docket No. 36872, with aggravated battery. Pursuant to a plea agreement, Gill pled guilty to aggravated battery and the state agreed to recommend a period of retained jurisdiction to run concurrent with the sentence imposed in Docket No. 36871.

At a consolidated sentencing hearing, the district court imposed a unified sentence of five years, with two years fixed, for the possession of a controlled substance charge, and a unified sentence of seven years, with three years fixed, for the aggravated battery charge. The district court ordered that the sentences run concurrently and retained jurisdiction in both cases. Following the retained jurisdiction period, the district court relinquished jurisdiction and ordered the balance of Gill's sentences executed.

Gill filed Rule 35 motions for reduction of his sentences. Gill requested that the district court "consider giving him another opportunity on the retained jurisdiction program with his medication appropriately adjusted" or, alternatively, "to consider reducing his fixed time to 1 year." Following an evidentiary hearing on Gill's motions, the district court denied Gill's request for leniency. The district court held that it was without statutory authority to grant Gill a second period of retained jurisdiction without an intervening period of probation and that Gill failed to produce sufficient grounds to warrant a reduction of his fixed terms.

Gill appealed and the cases were consolidated on appeal. Gill asserts that the district court abused its discretion when it failed to recognize that it had the authority to order a second period of retained jurisdiction. Alternatively, Gill contends that the district court abused its discretion by failing to reduce Gill's sentences pursuant to his Rule 35 motions.

**A.      Second Retained Jurisdiction without an Intervening Period of Probation**

As an initial issue, we must address whether the district court lacked statutory authority to order a second period of retained jurisdiction in Gill's case without having first placed him on probation. The state argues that I.C. § 19-2601(4) authorizes a court to order a second period of retained jurisdiction only if the defendant is first placed on probation at the end of the initial period of retained jurisdiction. In this case, the district court retained jurisdiction for 180 days. At the end of the retained jurisdiction period the district court relinquished jurisdiction. Gill filed Rule 35 motions requesting the district court to grant Gill a second retained jurisdiction. The district court denied Gill's motions holding it was without statutory authority to grant Gill a

2

second period of retained jurisdiction without an intervening period of probation. The state contends that the district court was correct in its interpretation of the statute and therefore no abuse of discretion has been shown.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code Section 19-2601 governs commutation, suspension, and withholding of sentences and includes subsections on retained jurisdiction and probation. Subsection (4) was amended in 1998 and now provides, in relevant part, that "[t]he court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction *after a defendant has been placed on probation in a case*." I.C. § 19-2601(4) (emphasis added). The language dealing with a second period of retained jurisdiction was added apparently in response to the Idaho Supreme Court's decision in *State v. Travis*, 125 Idaho 1, 867 P.2d 234 (1994). In that case, the district court sentenced Travis, but retained jurisdiction. At the conclusion of the first period of retained jurisdiction, the district court suspended Travis's sentence and placed him on probation. Travis violated the conditions of his probation and the district court revoked probation, but retained jurisdiction for a second time. On appeal, the state argued that the district court lacked

the authority to order a second period of retained jurisdiction. The version of I.C. § 19-2601(4) at issue in that case did not contain any language providing for a second period of retained jurisdiction. Therefore, on appeal the Court concluded that the district court exceeded its authority under I.C. § 19-2601(4) by ordering a second period of retained jurisdiction. *Travis,* 125 Idaho at 7, 867 P.2d at 240.

The plain meaning of "after a defendant has been placed on probation in a case" from I.C. § 19-2601(4) leads us to conclude that a district court may order a second period of retained jurisdiction only after a defendant has been placed on an intervening period of probation. Absent inherent power, a sentencing court has only the authority granted by the legislature. *State v. Funk,* 123 Idaho 967, 969, 855 P.2d 52, 54 (1993). In response to the Idaho Supreme Court's decision in *Travis,* and based on the facts of that case, the legislature amended I.C. § 19-2601(4) to provide a sentencing court with the authority to order a second period of retained jurisdiction only after suspending sentence and placing a defendant on probation. There is no indication that the legislature contemplated the authority requested here--granting a second, consecutive retained jurisdiction effectively extending the period of retained jurisdiction from 180 to 360 days.[1] Therefore, we conclude that the district court lacked the authority in this case to order a second period of retained jurisdiction without placing Gill on an intervening period of probation. Gill has failed to show error in the district court's denial of his Rule 35 motions in this regard.

**B.      Denial of Gill's Rule 35 Motions**

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the

---

[1]      When the legislature has determined that the length of the potential retention of jurisdiction is insufficient, it has extended the period of retained jurisdiction from 60 to 120 to 180 to 365 days. *See* 1972 Idaho Sess. Laws ch. 381, § 16; 1994 Idaho Sess. Laws ch. 33, § 1; 2010 Idaho Sess. Laws ch. 350, § 1.

same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

While in the retained jurisdiction program, Gill received two formal disciplinary sanctions for fighting and one formal disciplinary sanction for taking the door of the restrictive living unit off its hinges, creating a security risk. Gill also received two written and four verbal warnings for conduct including being out of area and possessing contraband. Gill failed to complete any of his programming and as a result of his performance the district court relinquished jurisdiction.

At the hearing on Gill's Rule 35 motions, Gill testified explaining his version of the disciplinary sanctions. Gill also testified as to changes made in his medications which he claimed affected his mental condition, making him a better candidate for a second retained jurisdiction or entitling him to a reduced sentence. The district court, upon hearing Gill's testimony and reviewing the information before it, concluded that Gill had failed to show sufficient grounds for the court to reduce his sentences. Gill has not shown error in the district court's exercise of discretion.

The district court correctly held that it was without statutory authority to grant Gill a second period of retained jurisdiction without an intervening period of probation. Further, the district court did not abuse its discretion in denying Gill a reduction of his sentences. The district court orders denying Gill's Rule 35 motions are affirmed.

Chief Judge LANSING and Judge MELANSON, CONCUR.