**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39819/39820/39821**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 533 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 11, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DONALD JAMES BELDEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

————————————————

PER CURIAM

In these consolidated appeals, Donald James Belden pled guilty to one count of possession of a controlled substance (Idaho Code § 37-2732(c)(1)) and one count of obstructing a police officer (I.C. § 18-705) in Docket No. 39819; one count of burglary (I.C. § 18-1401) in Docket No. 39820; one count of possession of a stolen vehicle (I.C. § 49-228) in Docket No. 39821.[1] The district court sentenced Belden to concurrent unified sentences of seven years with two years determinate for possession of a controlled substance; a unified sentence of ten years with two years determinate for burglary; and a unified sentence of five years with two years

_____

[1] Belden's plea of guilty to possession of a stolen vehicle was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

determinate for possession of a stolen vehicle. Belden filed Idaho Criminal Rule 35 motions in each case, which the district court denied. Belden appeals asserting that the district court abused its discretion by denying his Rule 35 motions.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Belden's Rule 35 motions, we find no abuse of discretion in the district court's denial of the motions. Accordingly, the district court's order denying Belden's I.C.R. 35 motions is affirmed.