**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 40499**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 793** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 18, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DWAYNE JOSEPH FARR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for domestic battery, <u>affirmed</u>; order denying I.C.R. 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dwayne Joseph Farr appeals from his judgment of conviction and sentence for felony domestic violence, Idaho Code § 18-918. Specifically, Farr challenges the district court's failure to sua sponte order a psychological evaluation before sentencing, the district court's decision to relinquish its retained jurisdiction, and the denial of his Idaho Criminal Rule 35 motion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the presence of children, Farr slapped his wife three times in the face, hitting her in the nose and mouth. He grabbed her by the throat and threw her against the wall. Farr placed his elbow against his wife's throat; she could not breathe and she began trying to gasp for air. Farr then dragged his wife by her hair around the living room. When he finally let go, she was able to get the children out of the house. As the kids entered the vehicle, Farr approached his wife with

a kitchen knife and said that it was "over" for her. She ran out of the house and locked herself in the vehicle with the kids. Farr jumped on the vehicle in an attempt to keep the vehicle from leaving. After accelerating and breaking several times, Farr fell off and his wife was able to safely get away. When officers found Farr he smelled of alcohol and slurred his speech.

The State charged Farr with felony domestic violence, attempted strangulation, and aggravated assault. The court entered a no-contact order prohibiting Farr from contacting his wife. Farr pled guilty to the domestic battery charge and the State dismissed the other charges. The State agreed to recommend probation and local jail time if Farr was able to comply with the terms of the plea agreement; however, while on release, Farr violated the no-contact order twice. At sentencing, the district court imposed a term of eight years, with three years determinate. The court retained jurisdiction and recommended placement in the therapeutic community program. Farr again had a no-contact order in place while he was on retained jurisdiction. Farr's wife testified at the jurisdiction review hearing that while Farr was on his retained jurisdiction program he called her almost every day, several times a day. An officer also testified that Farr acknowledged making phone calls to his wife. The district court relinquished jurisdiction and executed Farr's sentence. Subsequently, Farr filed a Rule 35 motion for leniency, which the district court denied. Farr timely appeals.

## II.

## ANALYSIS

Farr alleges the district court committed manifest disregard of Idaho Criminal Rule 32 and Idaho Code § 19-2522 when it failed to sua sponte order a psychological evaluation before sentencing. Farr failed to timely object. Pursuant to the Idaho Supreme Court's recent decision in *State v. Carter*, 155 Idaho 170, 173, 307 P.3d 187, 190 (2013), Farr has failed to show fundamental error under *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). Failure to order a psychological evaluation is a statutory matter that requires a timely objection.

Farr also argues the district court abused its discretion when it relinquished its retained jurisdiction over him without sentence modification. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Farr claims the district court abused its

discretion because he was completing the Correctional Alternative Placement Program (CAPP), and when he was told to stop violating the no-contact order that he stopped. Farr's success in treatment and programming do not diminish the real concern raised by Farr's continued refusal to abide by the no-contact order. Farr twice failed to comply with the no-contact order before the court retained jurisdiction, and Farr subsequently continued to ignore the court's order calling his wife daily. Farr's continued violation of the no-contact order establishes the district court acted well within its discretion when it relinquished jurisdiction and executed Farr's sentence without reduction.

Finally, Farr contends the district court abused its discretion when it denied his Idaho Criminal Rule 35 motion to reduce his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Farr alleges the district court failed to properly consider his mental health, absence of a lengthy criminal record, his substance abuse problem with alcohol, and his remorse as mitigating factors. This information was before the district court at sentencing. The only new information Farr offered at his Rule 35 hearing was testimony that he had completed a Moral Reconation Therapy (MRT) program, and an anger management program after the court had executed his sentence. Farr indicated the MRT program changed his way of thinking that he felt considerable remorse, and that he was using what he learned during the programs to help vent his anger and make healthy choices. However, while considering this new information, the district court properly considered the circumstance of the original offense. At sentencing, the district court described the factual circumstances of the assault as shocking and alarming. In denying Farr's motion the district court explained:

> Mr. Farr, the Court has considered your Rule 35 motion. I went a long ways towards having a contested extended hearing on why you got relinquished. Or on why you should be relinquished. I've considered the sentence. I've reconsidered the PSI today, both your version and the victim's version of what happened.
>
> Since the outset I have considered this to be a fairly serious domestic violence case. That's reflected in the sentence. It is discretionary with the Court whether to grant you some sort of relief from that. I am going to deny the motion today.

The district court reviewed the mitigating information offered by Farr, but, based upon other information in the record, and due to the serious nature of the crime, the court denied Farr's motion. Further, Farr violated the no-contact order both before sentencing and during retained jurisdiction. Applying the standards set forth above, we cannot say that the district court abused its discretion in denying Farr's Rule 35 motion for leniency.

## III.

## CONCLUSION

This Court will not review the lack of a psychological evaluation because Farr failed to preserve the issue by objection. Additionally, the district court did not abuse its discretion in relinquishing jurisdiction and executing Farr's sentence without modification or denying Farr's Rule 35 motion. Therefore, Farr's judgment and conviction and sentence and the district court's order denying Farr's Rule 35 motion are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**