# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40560

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 317 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN ALAN CRABTREE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction and unified sentence of five years with two years determinate for aggravated assault, affirmed; order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years with two years determinate for aggravated assault and the denial of an Idaho Criminal Rule 35 motion. We affirm.

Justin Alan Crabtree entered an *Alford*[1] plea to one count of aggravated assault. Idaho Code §§ 18-901(b), 18-905(a). The district court imposed a unified five-year sentence with a

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

two-year determinate term, ordered the sentence to run concurrently with the sentences in unrelated cases, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Crabtree timely filed an Idaho Criminal Rule 35 motion, which the district court denied. Crabtree appeals asserting that the district court abused its discretion by imposing an excessive sentence, relinquishing jurisdiction, and by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Crabtree has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Crabtree also contends that the district court abused its discretion by denying his I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Crabtree's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's order relinquishing jurisdiction, Crabtree's judgment of conviction and sentence, and the district court's order denying Crabtree's Rule 35 motion, are affirmed.