**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41024/41025**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 468 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC JASON LOMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 41024, Eric Jason Loman pled guilty to felony driving under the influence. Idaho Code §§ 18-8004, 18-8005(5). The district court sentenced Loman to a unified sentence of four years with two years determinate, suspended the sentence, and placed him on supervised probation for two years. Within those two years, Loman was arrested and again pled guilty to felony driving under the influence, I.C. §§ 18-8004, 18-8005(7) (Docket No. 41025). The district court imposed a unified sentence of five years with two years determinate, ordered that the sentences in these two cases run consecutively, suspended the sentence, and placed Loman on supervised probation for five years. The court also revoked Loman's probation in Docket

1

No. 41024, but reinstated probation for five years. Subsequently, Loman admitted to violating the terms of his probation and the district court again reinstated his supervised probation for a period of five years. During this period of probation, Loman again admitted to violating the conditions of his probation and the district court revoked his probation, ordered the underlying sentences executed, and retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Loman filed Idaho Criminal Rule 35 motions in both cases, which the district court denied. Loman appeals asserting that the district court abused its discretion by relinquishing jurisdiction and executing his original sentences and by denying his Rule 35 motions.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Loman has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Loman's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the district court's order relinquishing jurisdiction and the district court's order denying Loman's Rule 35 motions, are affirmed.