IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 41090/41091

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 491 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 5, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES JASON IVIE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders revoking probation and requiring execution of consecutive unified seven-year sentence with four-year determinate term for one count of possession of methamphetamine and three years with one year determinate for one count of possession of methamphetamine, affirmed; orders denying I.C.R. 35 motions, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In 2009 (Docket No. 41090), James Jason Ivie pled guilty to possession of methamphetamine. Idaho Code § 37-2732(c)(1). The district court imposed a unified seven-year sentence with a four-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Ivie on probation for a period of three years. In 2010, Ivie admitted to smoking methamphetamine and his probation officer required him to enroll in a drug rehabilitation program. Subsequently, in 2011, Ivie was arrested for possession of methamphetamine (Docket No. 41091). Ivie admitted to violating several terms of the probation

1

in Docket No. 41090, and pled guilty to the charges in Docket No. 41091. The district court consequently revoked probation and ordered execution of the original sentence, but again retained jurisdiction in Docket No. 41090. In Docket No. 41091, the district court sentenced Ivie to a consecutive sentence of three years with one year determinate, but ordered a concurrent period of retained jurisdiction. Following the concurrent periods of retained jurisdiction, the district court suspended the sentences and placed Ivie on concurrent probations for a term of four years.

Several months later, Ivie admitted to again violating his probation. The district court revoked probation and executed Ivie's prior sentences, then suspended those sentences and reinstated probation, ordering Ivie to participate in either the mental health court or develop a mental health program in conjunction with his probation officer. In 2013, Ivie was once again arrested and charged with possession of methamphetamine. The State filed motions to revoke Ivie's probations; Ivie denied the allegations. However, the district court determined that Ivie wilfully violated several terms of the concurrent probations and revoked the probations and executed his underlying sentences.

Ivie later filed Idaho Criminal Rule 35 motions in both docket numbers and the district court denied both motions. Ivie appeals, contending that the district court abused its discretion in revoking probation, executing the original sentences without reduction, and by denying his Rule 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158,

162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Ivie's Rule 35 motions, we conclude no abuse of discretion has been shown.

3

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation (including finding the violations to be wilful), in ordering execution of Ivie's original sentences without modification, or by denying his Rule 35 motions. Therefore, the order revoking probation and directing execution of Ivie's previously suspended sentences and the orders denying Ivie's Rule 35 motions are affirmed.