**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42136**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 873 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JENNIFER NICOLE JACKSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion for reconsideration on credit for time served, reversed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Jennifer Nicole Jackson pled guilty to forgery and burglary. Idaho Code §§ 18-3601, 18-1401. The district court originally sentenced Jackson to a unified term of five years with one year determinate on each count, to be served concurrently. The district court also gave Jackson credit for 560 days jail time served. The State filed a motion requesting the district court reconsider the award of credit for time served. Pursuant to that motion, the district court entered an amended judgment reducing Jackson's credit for time served to 93 days. Jackson filed an Idaho Criminal Rule 35 motion for reduction of sentence and a motion for reconsideration on credit for time served, both of which the district court denied. Jackson appeals asserting that the district court erred when it denied her credit for thirteen days of time she is entitled to under

1

I.C. § 18-309. Jackson also asserts that the district court abused its discretion when it denied her Rule 35 motion.

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005) (citing *State v. Hale*, 116 Idaho 763, 779 P.2d 438 (Ct. App. 1989)).

The award of credit for time served is governed by I.C. § 18-309, which provides in relevant part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to the entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of the sentence . . . .

Prior to the State filing charges in this case, Jackson was arrested on unrelated charges and extradited to Florida; charges in this matter were filed in April 2012 and Jackson waived extradition to Idaho. Jackson was incarcerated for the Florida offenses until August 5, 2013, but remained incarcerated awaiting transport to Idaho until August 18, 2013. Thus, Jackson was incarcerated in Florida thirteen days beyond the end of her Florida sentences awaiting extradition to Idaho on charges in this case. Therefore, Jackson is entitled to an additional thirteen days' credit toward her sentence.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Jackson's Rule 35 motion, we conclude no abuse of discretion has been shown.

For the foregoing reasons, the district court's order denying Jackson's motion for reconsideration of credit for time served is reversed. Further, the district court's order denying Jackson's Rule 35 motion is affirmed.