**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44981**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 624** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  October 25, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **WILLIAM ORVELL HOLLER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Dane H. Watkins. Jr., District Judge.

Order denying I.C.R. 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

William Orvell Holler pled guilty to possession of a controlled substance.  Idaho Code § 37-2732(c)(1).  The district court entered a withheld judgment and placed Holler on supervised probation for two and one-half years.  Holler violated his probation and the district court revoked the withheld judgment, imposed a unified sentence of three years with one year determinate, and reinstated Holler on supervised probation for a period of two years.  Subsequently, Holler violated his probation and the district court revoked his probation, executed the underlying sentence, and retained jurisdiction.  Following the period of retained jurisdiction, the district court suspended Holler's sentence and placed him on supervised probation for a period of four years.  Holler violated his probation a third time and the district court revoked Holler's probation

1

and executed the underlying sentence. Holler filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Holler appeals asserting that the district court abused its discretion by denying his I.C.R. 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new information in support of Holler's Rule 35 motion was presented, the district court did not abuse its discretion. For the foregoing reasons, the district court's order denying Holler's Rule 35 motion is affirmed.