**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41973/41974**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 701 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 27, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSHUA MICHAEL LANEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation and requiring execution of concurrent unified five-year sentence with two-year determinate term for unlawful possession of a firearm; and seven-year sentence with three-year determinate term, for two counts of felony possession of a controlled substance, <u>affirmed</u>; denial of I.C.R. 35 motion, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

In these consolidated appeals, Joshua Michael Laney pled guilty to one count of possession of a controlled substance (Docket No. 41973), Idaho Code § 37-2732(c); and one count of possession of a controlled substance, I.C. § 37-2732(c) and one count of unlawful possession of a firearm, I.C. § 18-3316 (Docket No. 41974). The district court imposed a unified five-year sentence with a two-year determinate term in Docket No. 41973 and a unified seven-year sentence with a three-year determinate term in Docket No. 41974. The district court ordered the sentences in both cases to run concurrently, and retained jurisdiction in both cases. At the conclusion of the period of retained jurisdiction, the district court placed Laney on

1

probation. Several months later, probation violations were filed in both cases and Laney admitted to violating several terms of the probation in these cases. The district court revoked probation and again retained jurisdiction, after which it reinstated Laney on probation. Subsequently, Laney again admitted to violating his probation and consequently the district court ordered execution of the original sentences. Laney timely filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Laney appeals, asserting that the district court abused its discretion by revoking probation in both cases, and by denying his Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-

73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to review of the sentence.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Laney's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Laney's Rule 35 motion is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Laney's original sentences without modification. Therefore, the order revoking probation and directing execution of Laney's previously suspended sentences and the order denying Laney's Rule 35 motion are affirmed.